UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13-CR-298 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIAM D. MONTAGUE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motion of *pro se* defendant William Montague ("defendant" or "Montague") styled "Motion for Amendment of Conditions of Release." (Doc. No. 74 ["Mot."].) The United States of America ("government") has filed a response (Doc. No. 75 ["Resp."]) and a supplemental response (Doc. No. 76 ["Supp. Resp."]), and defendant has filed a document styled "Motion in Reaction to Government's Denial for Amendment of Conditions of Release," which the Court interprets as a reply brief. (Doc. No. 78 ["Reply"].)

On June 13, 2013, the government filed a sixty-five count indictment charging Montague with various violations of federal law. (Doc. No. 1.) On September 19, 2014, and pursuant to a plea agreement, Carroll entered a counseled guilty plea to Counts 1 through 17 and 19 through 65 of the superseding indictment. (Doc. Nos. 46, 53.) On June 10, 2016, the Court sentenced defendant to 57 months imprisonment, followed by two years of supervised release, a $6,400 special assessment and ordered defendant to pay $3,332.40 in restitution.[1] (Doc. No. 72.)

---

[1] The case was originally assigned to the Hon. David D. Dowd. On August 12, 2013, it was transferred to the docket of the Hon. Christopher A. Boyko before it was ultimately transferred to the undersigned's docket on August 15, 2013.

1

In his present motion, defendant complains that the Bureau of Prisons ("BOP") has improperly calculated his projected release date by failing to recognize that he is considered an elderly prisoner and entitled to release upon completion of 75% of his sentence, citing Program Statement § 5050.49, Sec. 4(c). While he suggests that the Court should undertake an investigation into the BOP's treatment of elderly inmates, the specific relief he seeks is for this Court to revoke the BOP's current projected release date of September 2, 2020 and order the BOP to release him on an earlier date, which he calculates to be September 2, 2019. (Mot. at 920, 929, 932)

It appears that defendant is seeking relief under the Elderly Offender Home Detention Pilot Program, 42 U.S.C. § 17541(g)(5)(A), now incorporated into the Federal Prison Reentry Initiative and codified at 34 U.S.C. § 60541(g). This initiative, in pertinent part, grants the Attorney General for the United States the authority to waive the requirements of 18 U.S.C. § 3624 and place eligible elderly offenders in home confinement. Among other requirements, a qualifying individual must be over the age of 65 and have served "*the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced.*" 34 U.S.C. § 60541(g)(5)(A)(ii) (emphasis added).

The Court lacks jurisdiction to entertain defendant's motion. A claim attacking the manner in which a sentence is being executed by the BOP must be brought as a 28 U.S.C. § 2241 habeas petition in the jurisdiction where the sentence is being served, after administrative remedies are exhausted.[2] *United States v. Addonizio*, 442 U.S. 178, 179, 99 S. Ct. 2235, 60 L.

---

[2] Defendant's reference to 18 U.S.C. § 3145 as a possible source for the Court's jurisdiction to entertain the present motion is unavailing. Section 3145 addresses a federal court's ability to review orders of detention and release of individuals awaiting trial or sentencing, and those on direct appeal. None of these circumstances apply to defendant, who has been in the custody of the BOP since 2016 and did not take a direct appeal from the Court's judgment.

Ed. 2d 805 (1979) (actions taken by the United States Parole Commission do not support collateral attack under § 2255); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence—for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release—may not be brought under § 2255 and therefore falls into the domain of § 2241.") (citations omitted); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (An inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under § 2241); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (an action for restoration of good-time credit is in effect a demand for immediate release or for a shorter period of detention and therefore lies at "the core of habeas corpus"); *Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004) (discussion on the application of § 3624 would be premature, where prisoner had yet to exhaust administrative remedies).

Because defendant is not serving his sentence in this judicial district, the present motion is improperly filed here.[3] Rather, the motion would only be properly filed as a § 2241 petition in the judicial district in which defendant is serving his sentence. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) (citations omitted). Further, the Court finds that the interest of justice does not necessitate a transfer to an appropriate district, pursuant to 28 U.S.C.

---

[3] At the time defendant filed his motion, he was housed in a facility in West Virginia. (*See* Mot. at 920.) A recent search conducted on the BOP's website revealed that defendant may have been transferred to a Pennsylvania facility. In any event, he is not housed in the Northern District of Ohio.

§ 1631, as there is no indication that defendant would be entitled to relief under § 2241. *See Taylor v. Morrison*, 14 F. App'x 380, 381 (6th Cir. 2001) (affirming district court's decision to dismiss petitioner's § 2241 petition filed in the wrong court, rather than transfer the action, where the district court determined that a transfer would "merely result in the Eastern District of Arkansas being needlessly afflicted with a frivolous habeas petition[.]") While defendant is over the age of 65, he does not appear to qualify for early release as an elderly prisoner because he has not served the ***greater* of** 10 years **or** 75% of his sentence. *See* 34 U.S.C. § 60541(g)(5)(A)(ii). Accordingly, the Court elects to dismiss the petition without prejudice for want of jurisdiction.

**IT IS SO ORDERED**.

Dated: September 28, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**